IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 3:19cr160 |
| | ) |
| v. | ) 18 U.S.C. § 1349 |
| | ) Conspiracy to Commit Mail and |
| CHIRAG JANAKBHAI CHOKSI, | ) Wire Fraud |
| | ) (Count 1) |
| and | ) |
| | ) 18 U.S.C. §§ 1341 and 2 |
| SHACHI NAISHADH MAJMUDAR, | ) Mail Fraud and Aiding and Abetting |
| | ) (Count 2) |
| *Defendants.* | ) |
| | ) 18 U.S.C. § 1028A |
| | ) Aggravated Identity Theft |
| | ) (Count 3) |
| | ) |
| | ) Forfeiture Allegation |

November 2019 Term – at Richmond, Virginia

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment, unless stated otherwise:

1. The defendants, CHIRAG JANAKBHAI CHOKSI and SHACHI NAISHADH MAJMUDAR, were members of a criminal conspiracy who had members that impersonated law enforcement officials that tricked and coerced victims into mailing and shipping cash to other conspiracy members by convincing the victims that it was in their best interests to do so.

2. The conspiracy operated cells in multiple states, including New Jersey, Minnesota, California, Indiana, Texas, and Illinois where packages of cash shipped by victims

were received by members of the conspiracy, who then further processed and distributed the victims' moneys in accordance with the direction of other conspiracy members.

3. The conspiracy members targeted a large percentage of elder Americans for victimization.

## SCHEME AND ARTIFICE

4. The purpose of the scheme and artifice to defraud was for CHIRAG JANAKBHAI CHOKSI, SHACHI NAISHADH MAJMUDAR and other members of the conspiracy to enrich themselves financially by defrauding victims of money by impersonating law enforcement officials.

## MANNER AND MEANS

5. To execute the above-described scheme, victims were contacted telephonically by someone claiming to be a law enforcement official. The scheme generally started with automated, previously recorded phone calls, commonly referred to as "robocalls," which contained messages designed to create a sense of urgency with unsophisticated and/or unsuspecting recipients. These messages typically told the recipients that they had some sort of serious legal problem, usually criminal in nature, and that if they did not act immediately in accordance with the demands of the callers then there would be drastic consequences. These consequences included threats of arrest and/or significant financial penalties. Some call recipients were instructed that in order to prevent these dire consequences they should call a particular phone number for further instruction.

6. When a conspirator would speak with the victim and identify themselves as a law enforcement officer, the conspirator would reinforce the need for the victim to take immediate action to avoid consequences. Conspirators tricked and coerced victims to send cash to an

address, supposedly belonging to a law enforcement agency, as a demonstration of good faith while the criminal investigation was ongoing. Victims were assured that if, after a thorough investigation, they were cleared of involvement in criminal activity then their money would be returned to them.

7. Victims were instructed by conspiracy members to send the bulk cash via FedEx, UPS and/or the U.S. Postal Service ("USPS") using shipping methods that provided tracking numbers. Victims were further instructed to provide the tracking numbers of their shipments to members of the conspiracy.

8. Members of the conspiracy would pick up these bulk cash shipments sent to the fraudulent law enforcement addresses, typically presenting counterfeit identification documents incorporating stolen or fictitious identities.

9. The conspiracy members who retrieved the cash packages would pocket some portion of cash for themselves and deposit the remaining amount in bank accounts created and/or accessed by other conspiracy members.

10. In furtherance of the scheme, CHIRAG JANAKBHAI CHOKSI committed the following actions among others:

   a. Possessed and used multiple counterfeit Pennsylvania driver's licenses to identify himself when picking up shipments of cash from victims;

   b. Physically retrieved and signed for packages of cash sent by victims to the designated shipping address communicated to the victim by other members of the conspiracy;

   c. Photographed and videoed himself, sometimes with the assistance of his codefendant, SHACHI NAISHADH MAJMUDAR, opening the packages

        sent by victims and counting the cash therein as a record that was provided to other conspiracy members for how much cash was received from the respective victims; and

   d.   Deposited cash obtained from victims in bank accounts at the direction of, and which had been created by, other members of the conspiracy.

11.   In furtherance of the scheme, SHACHI NAISHADH MAJMUDAR committed the following actions among others:

   a.   Used the Internet to access the FedEx and USPS websites and obtain status information related to the tracking numbers of shipments of cash sent by multiple victims;

   b.   Videoed her codefendant, CHIRAG JANAKBHAI CHOKSI, opening packages sent by victims and counting the cash contained therein; and

   c.   Deposited cash obtained from victims into multiple bank accounts controlled by other members of the conspiracy.

## COUNT ONE
(Conspiracy to Commit Mail and Wire Fraud)

The sections of this Indictment entitled "General Allegations," "Scheme and Artifice," and "Manner and Means" are incorporated by reference as if fully set forth here.

Beginning sometime before May 2, 2019, the exact date being unknown, and continuing until June 14, 2019, in the Eastern District of Virginia and within the jurisdiction of the Court, as well as elsewhere, defendants CHIRAG JANAKBHAI CHOKSI and SHACHI NAISHADH MAJMUDAR did unlawfully and knowingly conspire together, as well with others both known and unknown to the grand jury, to commit an offense contained within Chapter 63 of Title 18 of the United States Code, in that they conspired to knowingly execute and attempt to execute a

scheme and artifice to defraud and to obtain property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud: (a) delivered and caused the delivery of matter by private and commercial interstate carriers, in violation of Title 18, United States Code, Section 1341; and (b) transmitted and caused transmission of writings, signs, and signals in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1343.

(In violation of Title 18, United States Code, Section 1349.)

## COUNT TWO
(Mail Fraud)

The sections of this Indictment entitled "General Allegations," "Scheme and Artifice," and "Manner and Means" are incorporated by reference as if fully set forth here.

On or about May 23, 2019, in the Eastern District of Virginia and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice to defraud, defendants CHIRAG JANAKBHAI CHOKSI and SHACHI NAISHADH MAJMUDAR, aided, abetted, induced, counseled, and encouraged by each other, caused to be sent and delivered by Federal Express, a private and commercial interstate carrier, a package bearing tracking number 787443201636, addressed to "Aldo Ronald" at 9594 Grey Widgeon Place, Eden Prairie, Minnesota, containing $8,500 in U.S. Currency that was the property of, and had been sent by, an individual identified herein as C.P., of Chesterfield, Virginia.

(In violation of Title 18, United States Code, Sections 1341 and 2.)

## COUNT THREE
(Aggravated Identity Theft)

On or about June 14, 2019, in the Eastern District of Virginia and elsewhere within the jurisdiction of this Court, the defendant, CHIRAG JANAKBHAI CHOKSI, did knowingly and

unlawfully possess and use without lawful authority the means of identification of another person, that is, a counterfeit Pennsylvania driver's license bearing driver's license number 24 309 808 that had been lawfully issued to an individual identified herein as K.L.S., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: conspiracy to engage in mail and wire fraud, in violation of 18 U.S.C. § 1349.

(In violation of Title 18, United States Code, Section 1028A(a)(1).)

### FORFEITURE

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant, upon conviction of any offense set forth in Counts One and Two of the Indictment, shall forfeit to the United States any property which constitutes, or is derived from, proceeds he obtained directly or indirectly, as the result of such offenses.

(All in accordance with Title 18, United States Code, Sections 982(a)(2) and 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p).)

A TRUE BILL:

G. ZACHARY TERWILLIGER
United States Attorney

By: *[signature]*
Brian R. Hood
Assistant United States Attorney